**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 20-20029-03-DDC** |
| **v.** | |
| **JUAN R. TORRES-ARAMBULA (03),** | |
| **Defendant.** | |

**<u>MEMORANDUM AND ORDER</u>**

Defendant Juan R. Torres-Arambula has filed a pro se[1] Motion to Vacate (Doc. 254)

under 28 U.S.C. § 2255.  He asserts various grounds for relief and asks the court to vacate his

sentence and impose a new one.  But defendant's collateral attack is untimely, filed well after the

one-year limitations period governing § 2255 motions.  And defendant doesn't qualify for any

exception to this rule.  The court thus denies his Motion to Vacate (Doc. 254).  The court

explains this result, below.

I.      **Background**

A Superseding Indictment (Doc. 28) charged defendant with a series of drug crimes.  He

entered a plea agreement, Doc. 146, pleading guilty to one count of conspiracy to distribute

methamphetamine, Doc. 145.  The court accepted that plea, *id.* at 7, and sentenced defendant to

126 months' imprisonment, Doc. 232 at 2.  Defendant didn't file a direct appeal.  This collateral

attack followed.

---

[1]      People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]"
*Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th
Cir. 1991).

II.       **Legal Standard**

As relevant here, a prisoner in federal custody may move to vacate his sentence if such "sentence was imposed in violation of the Constitution or laws of the United States[.]"  28 U.S.C. § 2255(a).  "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quotation cleaned up).  The district court then must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).  A § 2255 movant must allege facts that, if proven, would warrant relief from his conviction or sentence.  *See In re Lindsey*, 582 F.3d 1173, 1175–76 (10th Cir. 2009).  But the "court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact."  *United States v. Cervantes-Samaniego*, No. 07-20099-JWL, 2012 WL 1788141, at *1 (D. Kan. May 17, 2012).  If the court finds for the prisoner, "the court shall vacate and set the judgment aside" and discharge the prisoner, resentence him, or "grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

III.      **Analysis**

The government argues that defendant's § 2255 motion is untimely.  Doc. 258 at 7.  The court starts (and ends) its analysis with this timeliness challenge.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "establishes a one-year limitations period for federal prisoners seeking habeas relief."  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  This one-year limitations period ordinarily runs from "the date on which the judgment of conviction becomes final[.]"  28 U.S.C. § 2255(f)(1); *accord United States v. Montague*, 260 F. App'x 60, 62–63 (10th Cir. 2008).  Where, as here, a defendant

doesn't file a direct appeal, the conviction becomes final on "the date his opportunity to file a direct appeal expired." *United States v. Pyeatt*, 59 F. App'x 275, 277 (10th Cir. 2003).

Here, the court entered Judgment (Doc. 232) on April 21, 2023. No party filed a Notice of Appeal, so the final day for defendant to file a Notice of Appeal was May 5, 2023. *See* Fed. R. App. P. 4(b)(1)(A). Defendant's conviction thus became final on that date. This conclusion means his final date to file a § 2255 motion followed a year later, on May 5, 2024. *See Hurst*, 322 F.3d at 1262 ("A motion presented to the court on the anniversary date of a triggering event is within the '1-year period of limitation' set out in § 2255 and § 2244(d)(1)."). Defendant filed his pending motion on November 11, 2025. It is thus untimely.

Perhaps anticipating this issue, defendant argues that the court nonetheless should consider his motion because (1) he's entitled to equitable tolling; and (2) he's asserted a claim of actual innocence. *See* Doc. 254 at 11. Defendant is mistaken. Take his arguments in turn.

### A.    Equitable Tolling

Equitable tolling of AEDPA's one-year limitations period "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Defendant here hasn't presented any such circumstances. He vaguely asserts that "the time[]limit for filing should be waived based on the understanding of his right to prepare a defense on his own behalf[.]" Doc. 254 at 11. And he articulates his belief that his counsel furnished ineffective assistance. *Id.* But defendant hasn't alleged that he "diligently pursue[d] his claims" or that his "extraordinary circumstances beyond his control" prevented him from filing his § 2255 motion timely. *Marsh*, 223 F.3d at 1220. Equitable tolling is thus unavailable.

### B.    Actual Innocence

Defendant also asserts that he's raised a claim of actual innocence.  Doc. 254 at 11. Where a § 2255 movant asserts "a substantial actual innocence claim, . . . the existence of such a claim will serve as an exception to the AEDPA statute of limitations[.]"  *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014).  But the Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare[.]"  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Defendant here raised no viable claim of actual innocence.  He asserts three variations of claims for ineffective assistance of counsel.  Doc. 254 at 4–7.  Each argues that his counsel failed to inform him about how the Sentencing Guidelines applied to his plea.  *Id.*  Relatedly, defendant asserts that his counsel failed to apprise him of a buyer-seller defense he could have asserted.  *Id.* at 13–14.  And he says that he "did not possess the required knowledge and intent" necessary to sustain a drug-conspiracy conviction.  *Id.* at 14.  Finally, in a fourth ground, defendant brings a due-process challenge, asserting that the drug-conspiracy statute was "applied unconstitutionally" to him.  *Id.* at 8.

Fatally, plaintiff hasn't "support[ed] his claim with 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]'"  *Frantz v. Stancil*, No. 24-1471, 2025 WL 2047415, at *1 (10th Cir. July 22, 2025) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995), *superseded on other grounds by statute*, Antiterrorism and Effective Penalty Act of 1996, Pub. L. No. 104-132 § 106, 110 Stat. 1214 (1996)).  New evidence is evidence "claimed to have been wrongly excluded or to have become available only after trial."  *Schlup*, 513 U.S. at 328.  Defendant hasn't identified any evidence—much less evidence that became available only after his plea—so he has failed to show actual innocence.  And ineffective assistance of counsel—by itself—isn't actual innocence.  *See, e.g.*, *Childers v. Crow*, 1 F.4th 792, 799 n.5 (10th Cir. 2021) (explaining that ineffective assistance of

counsel challenges a conviction without asserting innocence). Defendant simply "has not set forth *new* facts which support his innocence of the crime, and thereby overcome his untimely petition." *United States v. Platt*, No. 24-1464, 2025 WL 1010267, at *4 (10th Cir. Apr. 1, 2025) (emphasis added). So, defendant can't evade AEDPA's time limit on this basis either.

Here's the long and short of it: Defendant's § 2255 motion is late. Defendant hasn't identified any lawful basis for the court to ignore the limitations period that Congress adopted. And none of plaintiff's allegations—even if true—alters this conclusion. So, the court needn't convene an evidentiary hearing. The court thus denies plaintiff's Motion to Vacate (Doc. 254).

## IV.        Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the prisoner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation cleaned up). The court declines to issue a certificate of appealability because no reasonable jurist could find the court's conclusion—that defendant's motion is untimely—debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Juan R. Torres-Arambula's Motion to Vacate (Doc. 254) is denied.

**IT IS SO ORDERED.**

**Dated this 16th day of July, 2026, at Kansas City, Kansas.**

                                               **s/ Daniel D. Crabtree**
                                               **Daniel D. Crabtree**
                                               **United States District Judge**

5